An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-904

Filed 18 June 2025

Wake County, No. 23CVS023366-910

TREVOR GRAHAM, Plaintiff,

v.

JUSTIN TAYLOR, SARITHA AKURATHI,
and SRI HOMES, LLC, Defendants.

Appeal by plaintiff from orders entered 28 May and 29 May 2024 by Judge Graham Shirley and 14 August 2024 by Judge David Lambeth in Wake County Superior Court. Heard in the Court of Appeals 10 April 2025.

> *Trevor Graham, pro se plaintiff-appellant.*
>
> *Pendergrass Law Firm, PLLC, by James K. Pendergrass, Jr., for defendant-appellee Justin Taylor.*
>
> *Heidgerd & Edwards, LLP, by Eric D. Edwards, for defendant-appellee Saritha Akurathi.*
>
> *Offit Kurman, P.A., by Robert B. McNeill and E. Garrison White, for defendant-appellee SRI Homes, LLC.*

DILLON, Chief Judge.

Plaintiff Trevor Graham initiated this civil action on 22 August 2023 after the

Raleigh home he owned and lived in (the "Property") was foreclosed on in a special proceeding based on his failure to make timely payments on his mortgage loan, a loan which was secured by a deed of trust.[1] The rights of the purchaser became fixed in the foreclosure proceeding in December 2022.

In this present civil action, Plaintiff has alleged claims against each of the three named defendants, each of whom was involved in the purchase of his property at the foreclosure sale.

On 21 September 2023, the trial court denied Plaintiff's Motions to Vacate Judgment and entered a "gatekeeper order" against Plaintiff "due to the numerous frivolous and meritless filings" made by Plaintiff in the aftermath of the foreclosure sale. The Gatekeeper Order specifically provided:

> 4. [Defendant] shall be and [is] hereby barred from filing any additional lawsuits, motions, notices, or other legal filings relating to or concerning Case No. 22 SP 724 and/or the real property located at 1920 Wescott Drive, Raleigh, North Carolina 27614, to which this proceeding relates, without first having the filings approved, executed and accompanied by a certification from a licensed North Carolina attorney, in good standing with the North Carolina State Bar, who certifies that the filings are made in good faith, are meritorious, and that the filings meet the standards of Rule 11 of the North Carolina Rules of Civil Procedure or in the alternative the signed, written approval from a Superior Court Judge of this District.

---

[1] The foreclosure proceeding is captioned *IN RE: Foreclosure of Real Property Under Deed of Trust from Trevor G. Graham and Ann R. Graham, in the original amount of $418,000.00, and dated March 15, 2007 and recorded on March 27, 2007 in Book 12462 at Page 1256, Wake County Registry* (File No. 22SP000724-910).

Notably, Plaintiff never appealed that order.

On 23 October 2023, Defendant SRI filed a Motion to Dismiss Plaintiff's Complaint pursuant to the Gatekeeper Order and for insufficiency of process, insufficiency of services of process, failure to state a claim for which relief could be granted, and lack of required certification. The next day, Defendant Akurathi filed a Motion to Dismiss Plaintiff's Complaint pursuant to the Gatekeeper Order "due to lack of evidence provided by the Plaintiff . . . claiming ownership of the property" and a lack of required certification. And on 26 October 2023, Defendant Taylor filed a Motion to Dismiss Plaintiff's Complaint in Lieu of Answer pursuant to the Gatekeeper Order and for failure to state a claim upon which relief could be granted.

Nevertheless, Plaintiff proceeded to file at least eight more documents in 2024 after the Gatekeeper Order was entered, the first of which was a Notice of Motion and Motion for Default Judgment Against Defendants filed on 25 April 2024. The record contains no evidence that any of Plaintiff's filings were approved, executed, or accompanied by a certification from a licensed North Carolina attorney in good standing, or with the written approval of a Superior Court Judge of Wake County.

On 13 May 2024, this matter came on for hearing. At the hearing's conclusion, the judge orally granted Defendant Taylor's and Defendant SRI's Motions to Dismiss.

On 21 May 2024, Plaintiff prematurely filed notice of appeal as to those orders. On 23 and 24 May 2024, the trial court entered written orders without findings of fact granting the Motions of Defendant Taylor and Defendant SRI to dismiss the

action with prejudice as to them. The court also entered a written order on 14 August 2024, without factual findings, granting Defendant Akurathi's Motions to Dismiss the action against her with prejudice, Judgment on the Pleadings, and also sanctions against Plaintiff. The court concluded as a matter of law that "Plaintiff's property rights . . . were fixed upon the foreclosure sale of the property[.]" Plaintiff filed notice of appeal the same day.

The record shows that Plaintiff untimely noticed his appeal as to the dismissal of claims against Defendant SRI Homes, Inc., by noticing the appeal *before* the order of dismissal was entered. Also, the trial court's order dismissing the claims against Justin Taylor is not included in the record. No order in the record contains a Rule 54 certification. And Plaintiff failed to state the grounds of our appellate jurisdiction in his brief.

We conclude the record fails to demonstrate the basis of our jurisdiction to consider Plaintiff's appeal. Plaintiff, however, has petitioned our Court for a writ of *certiorari*. We have reviewed Plaintiff's petition and conclude Plaintiff has failed to meet his burden of showing merit or prejudice. Therefore, in our discretion, we deny *certiorari*.

DISMISSED.

Judges TYSON and GORE concur.

Report per Rule 30(e).

- 4 -